Jonathan O. Peña, Esq.
CA Bar ID No.: 278044
Peña & Bromberg, PLC
2440 Tulare St., Ste. 320
Fresno, CA 93721
Telephone: 559-439-9700
Facsimile: 559-439-9723
info@jonathanpena.com
Attorney for Plaintiff, Douglas John Betts

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DOUGLAS JOHN BETTS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No. 1:19-cv-01507=GSA<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of ONE THOUSAND NINE HUNDRED AND TWO DOLLARS AND 28/100, $1,902.28, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel, Jonathan O. Peña.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel including Counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel and/or Counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: September 10, 2020         /s/ *Jonathan O. Peña*
JONATHAN O. PEÑA
Attorney for Plaintiff

Dated: September 10, 2020         McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:  *\*Lynn Harada*
Lynn Harada
Special Assistant U.S. Attorney
Attorneys for Defendant
(\*Permission to use electronic signature obtained via email on September 10, 2020).

IT IS SO ORDERED.

Dated:   **September 15, 2020**            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE